IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  04-cv-01362-LTB

QUALMARK CORPORATION,

       Plaintiff,

v.

GREGG K. HOBBS, and
HOBBS ENGINEERING CORPORATION,

       Defendants.

_____

ORDER
_____

This matter involves a Complaint for Damages Profits and Injunctive Relief for Copyright Infringement and Jury Demand filed by Plaintiff, Qualmark Corporation, on July 1, 2003, against Defendants Gregg K. Hobbs, and Hobbs Engineering Corporation.  [Doc #1]  This case was reassigned to me on August 8, 2007, pursuant to Local Rule 40.1A and with the consent of Judge Alan B. Johnson.  [Doc #55]  Upon review, I LIFT THE STAY and DENY the following pending motions:

I.  Stay dated January 11, 2005

As an initial matter, I note that Magistrate Judge Michael J. Watanabe stayed this case on January 11, 2005, by Minute Order [**Doc #33**], until a decision was rendered by the Tenth Circuit on a appeal in a companion case (Case No. 03-WY-198).  The Tenth Circuit issued its decision in that case on March 11, 2005.  As a result, I lift the stay dated January 11, 2005.

II.  Defendants' Fed. R. Civ. P. 72 Objection

On December 8, 2004, Defendants filed an Objection to Magistrate Judge's Order of November 23, 2004, Pursuant to Fed. R. Civ. P. 72.  [**Doc #25**]  In this motion, Defendants object to Magistrate Judge Watanabe's ruling granting Plaintiff's Motion for Protective Order. [Doc # 24]   Magistrate Watanabe ruled that Plaintiff shall provide a Rule 30(b)(6) witness as requested, but that witness shall not answer questions or provide documents related to categories 1 and 2, as outlined in the notice of deposition and a subpoena duces tecum.  Specifically, the Magistrate Judge ruled that Plaintiff does not need to provide list of its seminar attendees or of its equipment sales during the relevant time period.

In their objection, Defendants assert that this ruling is clearly erroneous or contrary to law pursuant to Fed. R. Civ. P. 72(a)(governing non-dispositive rulings).  *See* 28 U.S.C. § 636.  An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.  *See Hirschfeld v. New Mexico Corrections Dept.*, 916 F.2d 572, 580 (10th Cir.1990); *Davidovich v. Welton (In re Davidovich)*, 901 F.2d 1533, 1536 (10th Cir.1990); *Cook v. Rockwell Intern. Corp.,* 147 F.R.D. 237, 243 (D. Colo. 1993).  Defendants argue that because the documents in catagories 1 and 2 of the notice of deposition and subpoena duces tecum (seeking the identify of and contact information for the individuals/entities who either attended Plaintiff's seminars or purchased Plaintiff's equipment during the relevant time period) are "absolutely essential to proving its affirmative mitigation defense regarding offset benefits," the protective order is clearly erroneous.  I disagree.

Defendants' argument is based on its theory of damages, or the "offsetting benefits rule," which allegedly allows a defendant to have the measure of damages against him reduced by any benefit which has been bestowed upon the plaintiff due to the defendant's misconduct. *See generally* Restatement 2d Torts § 920 ("[w]hen the defendant's tortious conduct has caused harm to the plaintiff or to his property and in so doing has conferred a special benefit to the interest of the plaintiff that was harmed, the value of the benefit conferred is considered in mitigation of damages, to the extent that this is equitable"). I note that Defendants offered no legal authority to Magistrate Watanabe for the proposition that an offsetting benefit rule would apply in this case.

However, as noted by Plaintiff, even if such a damage theory was applicable in a copyright infringement case, there is no relationship between Plaintiff's alleged sales profits and the measure of damages being sought. At the hearing on the protective order, Plaintiff specifically indicated that is it not seeking damages on any alleged lost business profits, but rather it seeks the disgorgement of reasonable royalties or license fees from Defendants for improper use of Plaintiff's copyrighted materials. As such, I agree that the information sought was not relevant to the issue of damages in this case.

Therefore, I am not persuaded that Magistrate Watanabe's ruling on the protective order was either clearly erroneous or contrary to the law pursuant to Fed. R. Civ. P. 72(a). As a result, Defendants' objection to the Magistrate Judge's protective order dated November 23, 2004 must be denied.

III.   Pending Discovery Motions

On June 10, 2005, Plaintiff filed a Motion for Stay Pending Completion of Briefing on Plaintiff's Motion to Compel and Extend Deadlines; and a Motion for Revised Scheduling Order. [**Doc # 45**]  Plaintiff also filed a related motion seeking referral of these motions to the Magistrate Judge. [**Doc #51**]   In light of the extended period of inactivity in this case, as well as the subsequent decision by the Tenth Circuit in the related companion case, I rule that these discovery motions should be denied without prejudice.

Accordingly, IT IS ORDERED as follows:

> 1) The stay in this case dated January 11, 2005  is hereby LIFTED;
>
> 2) Defendants' Objection to Magistrate Judge's Order of November 23, 2004, Pursuant to Fed. R. Civ. P. 72  [**Doc #25**] is DENIED;
>
> 2) Plaintiff's Motion for Stay Pending Completion of Briefing on Plaintiff's Motion to Compel and Extend Deadlines; and a Motion for Revised Scheduling Order [**Doc # 45**] is DENIED WITHOUT PREJUDICE;
>
> 3)  Plaintiff's Request for Reference to Magistrate Judge Michael J. Watanabe of Certain Pending Motions [**Doc #51**] is DENIED WITHOUT PREJUDICE; and
>
> 4) A Status/Scheduling Hearing is set **for Tuesday, September 25, 2007, at 9:30 a.m.** in Courtroom C401, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

Dated: August   27  , 2007 in Denver, Colorado.

                                               BY THE COURT:

                                                 s/Lewis T. Babcock
                                               LEWIS T. BABCOCK, JUDGE